IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B.,
and PLB for herself,

     Plaintiffs,

vs.                            CASE NO.: 5:12-cv-00299-RS-EMT

JACKSON COUNTY SCHOOL BOARD,

     Defendant.
_____/

**DEFENDANT, JACKSON COUNTY SCHOOL BOARD'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

     Defendant, JACKSON COUNTY SCHOOL BOARD ("School Board"), by and through

undersigned counsel, moves to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) and Rule

12(b)(6), Fed. R. Civ. P., and states the following grounds:

     1.     The Plaintiffs, A.L. and P.L.B., have filed a Complaint against the School Board

asserting therein claims in Count I for Injunctive Relief, Count II for Declaratory Relief, Count

III for Denial of FAPE Under IDEA, Count IV for Section 504 Discrimination, Count V for

Retaliation Under IDEA and Section 504, and Count VI for Writ of Mandamus. *See* Compl. ¶¶

12-72.

     2.     Plaintiffs' Complaint should be dismissed for a number of reasons, including that:

(i) Plaintiffs have failed to exhaust administrative remedies and (ii) Plaintiffs have failed to state

a claim upon which relief can be granted.

## MEMORANDUM OF LAW

**I.     Plaintiffs' Claims in Counts I, II, III, IV and V of the Complaint Must be Dismissed as Plaintiffs Have Failed to Exhaust Administrative Remedies**

The Individuals with Disabilities Education Act ("IDEA" or "Act") sets forth an extensive framework under which parents can "present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to [a] child."    20 U.S.C. § 1415(b)(6).  Under the IDEA, parents first have the opportunity for "an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1)(A).  In Florida, such hearings are conducted by the Division of Administrative Hearings. 6A-6.03311(9)(u), F.A.C.  Only after a decision is made in such administrative proceeding is an aggrieved party entitled to "bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy."  20 U.S.C. § 1415(i)(2)(A); *see J.P. v. Cherokee County Bd. of Ed.*, 218 Fed.Appx. 911, 913 (11th Cir. 2007)("Once the administrative proceedings are complete, the IDEA provides that either party may challenge those proceedings in state or federal court.").

Accordingly, as part of its extensive framework, the IDEA requires that a plaintiff must first exhaust its administrative remedies by filing and **completing** an administrative proceeding prior to bringing an action in any State court of competent jurisdiction or district court of the United States. *See* 20 U.S.C. § 1415(b)(6), (f), (i)(2)(A); *J.P.,* 218 Fed.Appx. at 913.  A parent's failure to exhaust administrative remedies by not requesting and participating in a due process

proceeding to completion will result in dismissal of the civil action. *See J.P.,* 218 Fed.Appx. at 913.

Consistent with the unambiguous language set forth in sections 1415(b)(6) and (l), the Eleventh Circuit has interpreted the IDEA's exhaustion requirement to apply to a "broad spectrum of claims" including those under the ADA, Section 504, or the First Amendment. *M.T.V. v. Dekalb County Sch. Dist.,* 446 F.3d 1153, 1157-1159 (11th Cir. 2006); *J.P.,* 218 Fed.Appx. at 913; 20 U.S.C. § 1415(b)(6), (l). Accordingly, any student or parent who desires relief available under the IDEA must exhaust his remedies pursuant to the IDEA's administrative scheme, even if he invokes a different statute. *M.T.V.,* 446 F.3d at 1158 ("Thus, whether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be exhausted in state administrative proceedings."); *Babicz v. Sch. Bd. of Broward County,* 135 F.3d 1420, 1422 n. 10 (11th Cir. 1998), *G.J. v. Muscogee County Sch. Dist.,* 704 F.Supp.2d 1299, 1311 (M.D. Ga. March 25, 2010). Plaintiffs may not "avoid the exhaustion requirement simply by asking for relief that administrative authorities cannot grant." *G.J.,* 704 F.Supp.2d at 1311; *N.B. v. Alachua County Sch. Bd.,* 84 F.3d 1376, 1379 (11th Cir. 1996).

On March 15, 2011, Plaintiffs filed a Verified Amended Request for Impartial Due Process Hearing in DOAH Case No. 10-10485 ("AL I"). Plaintiff's Verified Amended Request for Impartial Due Process Hearing resulted in an approximately six week administrative hearing which concluded on April 5, 2012. Despite the conclusion of the final hearing, that matter remains pending as a final order has not yet been issued by the Administrative Law Judge. *See A.L. v. Jackson County Sch. Bd.,* DOAH Case. No. 10-10485. In that administrative proceeding, Plaintiffs raised numerous and various issues regarding the provision of FAPE to A.L., including

3

his identification, evaluation, and educational placement. In particular, Plaintiffs challenged many aspects of A.L.'s education, including the sufficiency of A.L.'s existing June 2010 IEP, the necessity and content of A.L.'s November 2010 IEP, the implementation of A.L.'s June, 2010 IEP, the consideration and inclusion of Dr. Kytja Voeller's recommendations, the provision of assistive technology, and A.L.'s performance on standardized testing.

Subsequently, on July 27, 2012, the School Board filed a Petition for Due Process wherein it sought resolution of issues pertaining to the provision of FAPE to A.L. as a result of P.L.B. and A.L.'s continued demand to record IEP meetings. The School Board's Petition for Due Process Hearing was assigned DOAH Case No. 12-002562 ("AL II"). In response to the School Board's Petition for Due Process, on August 13, 2012, Plaintiffs filed a counterclaim wherein they asserted claims for retaliation under IDEA and Section 504/ADA. *See Jackson County Sch. Bd. v. A.L. and P.L.B.*, DOAH Case. No. 12-002562. The School Board's Petition for Due Process and Plaintiffs' Counterclaim were heard at a hearing conducted by the same Administrative Law Judge who conducted the first hearing (DOAH Case No. 10-10485) on September 10, 2012. Despite the conclusion of the final hearing, that matter remains pending as a final order has not yet been issued by the Administrative Law Judge. *Id.*

The issues raised in Counts I through V of Plaintiffs' Complaint are identical to the issues raised in AL I and AL II. As set forth above, neither AL I nor AL II have concluded as the Administrative Law Judge has not yet entered a final order in either matter. Because AL I and AL II are still pending and are not yet completed, Plaintiffs have failed to adequately exhaust their administrative remedies with regard to all of Plaintiffs' current claims. Additionally, Plaintiffs' attempts to couch their instant claims as injunctive relief as well as claims under the First Amendment and Section 504 does not exempt them from the exhaustion requirements set

4

forth in the IDEA. *See* 20 U.S.C. § 1415(b)(6), (l); *M.T.V.*, 446 F.3d at 1157-1159; *J.P.,* 218 Fed.Appx. at 913; *Babicz*, 135 F.3d at 1422 n. 10; *G.J.*, 704 F.Supp.2d at 1311; *N.B.*, 84 F.3d at 1379. Accordingly, Plaintiffs have failed to exhaust their administrative remedies and Counts I through V of their Complaint must be dismissed.

## II.    Plaintiffs' Claims in Count VI of the Complaint Must be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted

Count VI of Plaintiffs' Complaint is a petition for writ of mandamus wherein Plaintiffs seek an order requiring Defendant to provide a court reporter for a hearing which previously occurred on May 4, 2012. Compl. ¶ 67-72. Plaintiffs have failed to state a cause of action for the issuance of a writ of mandamus pursuant to 28 U.S.C. § 1361 for two reasons: (1) Plaintiffs have failed to plead facts sufficient to show that 28 U.S.C. § 1361 is applicable to the parties or matter at hand and (2) even assuming arguendo that such provision is applicable, Plaintiffs have failed to plead all elements required for the issuance of a writ of mandamus by this Court.

Rule 81(b) of the Federal Rules of Civil Procedure provides in part that "[t]he writs of scire facias and mandamus are abolished." Pursuant to this rule, the common law "writ of mandamus" was abolished. *Grinberg v. Swacina*, 478 F.Supp.2d 1350, 1355 n. 3 (S.D. Fla. March 20, 2007). Accordingly, the sole provisions pertaining to writs of mandamus are now codified in 28 U.S.C. § 1361. *Id.* This provision provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. The party seeking mandamus pursuant to this provision has the burden of demonstrating that its right to the issuance of the writ is "clear and indisputable." *Carpenter v.*

*Mohawk Industries, Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008). In doing so, a Petitioner must demonstrate (1) a clear right to the relief sought; (2) that respondents have a clear, non-discretionary duty to act; and (3) no other remedy is available. *Cash v. Barnhard*, 327 F.3d 1252, 1257 (11th Cir. 2003). "[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash*, 327 F.3d at 1257 (11th Cir. 2003), *citing Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969).

Here, Plaintiffs petition for a writ of mandamus must be dismissed as Plaintiffs have failed to plead facts sufficient to show that the provisions contained in 28 U.S.C. § 1361 are even applicable in this matter. In its Complaint, Plaintiffs seek a "writ of mandamus to JCSB requiring that it transcribe the hearing, and pay the court reporter for recording the hearing." Compl. ¶ 72. As set forth above, 28 U.S.C. § 1361 may be utilized only to compel an officer or employee of the United States or any agency thereof. By Plaintiffs' own admission, Defendant School Board is not an officer or employee of the United States or any agency thereof. *See* Compl. ¶ 8. Accordingly, Plaintiffs are not entitled to a writ of mandamus against the School Board and Count VI of Plaintiff's Complaint must be dismissed.

Additionally, Plaintiffs petition for a writ of mandamus must be dismissed as Plaintiffs have failed to allege the three required elements for issuance of a writ of mandamus. First, Plaintiffs have failed to allege that they have a clear right to the relief sought. Compl. ¶¶ 67-72. Although Plaintiffs' cite to 20 U.S.C. 1415(h)(3) as their basis for a right to a court reporter, this provision falls far short of providing Plaintiffs a "clear right to the relief sought." Compl. ¶ 67. This provision is, at best, ambiguous regarding whether the School Board is required to provide a court reporter for a preliminary hearing and accordingly does not provide anything near "a clear

6

right to the relief sought."[1] In fact, two separate administrative law judges have considered Plaintiff's request for recording of a non-final hearing, have reviewed the case law, and denied their request based upon the current law. Second, Plaintiffs have failed to allege that the School Board has a clear, non-discretionary duty to act or that no other remedy is available. Compl. ¶¶ 67-72. Plaintiffs' failure to make such allegations is fatal to their petition for a writ of mandamus. In addition, Plaintiffs allegations clearly show that their right to a writ of mandamus is not "clear and indisputable" and that the issue at hand falls far short of the clear and compelling case required for the issuance of such a writ. *See Carpenter,* 541 F.3d at 1055; *Cash,* 327 F.3d at 1257 (11th Cir. 2003), *citing Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969). Accordingly, Plaintiffs are not entitled to a writ of mandamus against the School Board and Count VI of Plaintiff's Complaint must be dismissed.

The undersigned counsel has conferred with the Plaintiff in compliance with N.D.Fla.Loc.R. 7.1(B). The Plaintiff does not agree to the relief requested in this motion.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6), Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 26th day of December, 2012.

*/s/ H. Matthew Fuqua*
**H. MATTHEW FUQUA**
Florida Bar No. 0451101
mfuqua@embarqmail.com
BONDURANT & FUQUA, P.A.
4450 Lafayette Street (32446)
Post Office Box 1508
Marianna, Florida 32447
Telephone: 850-526-2263
Facsimile: 850-526-5947

---

[1] Defendant has not wavered from its position that the provisions of 20 U.S.C. 1415(h)(3) clearly provide that the School Board is not required to provide a court reporter for any proceeding other than a final due process hearing. Accordingly, Defendant makes its statement as to the ambiguity of this provision solely for the sake of argument.

*/s/ Bob L. Harris*
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
**JAMES J. DEAN**
Florida Bar No. 0832121
jdean@lawfla.com
**S. DENAY BROWN**
Florida Bar No.: 88571
dbrown@lawfla.com
MESSER, CAPARELLO & SELF
P.O. Box 15579
Tallahassee, FL 32317
Telephone:    (850) 222-0720
Facsimile:      (850) 558-0662
*Counsel for Jackson County School Board*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2012, I electronically sent, and mailed the foregoing document by first-class mail to: Rosemary N. Palmer, Esquire, 5260 Pimlico Drive, Tallahassee, Florida 32309.

*/s/ H. Matthew Fuqua*
**H. MATTHEW FUQUA**
Florida Bar No. 0451101
mfuqua@embarqmail.com
BONDURANT & FUQUA, P.A.
4450 Lafayette Street (32446)
Post Office Box 1508
Marianna, Florida 32447
Telephone: 850-526-2263
Facsimile:  850-526-5947

8

*/s/ Bob L. Harris*
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
**JAMES J. DEAN**
Florida Bar No. 0832121
jdean@lawfla.com
**S. DENAY BROWN**
Florida Bar No.: 88571
dbrown@lawfla.com
MESSER, CAPARELLO & SELF
P.O. Box 15579
Tallahassee, FL 32317
Telephone:    (850) 222-0720
Facsimile:    (850) 558-0662

*Counsel for Jackson County School Board*