IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by PLB,
and PLB for herself,

    Plaintiffs,

vs.                              CASE NO.: 5:12-cv-00299-RS-EMT

JACKSON COUNTY SCHOOL BOARD,

    Defendant.

_____/

**DEFENDANT, JACKSON COUNTY SCHOOL BOARD'S**
**MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE 11**

Defendant, JACKSON COUNTY SCHOOL BOARD ("School Board"), moves pursuant to Rule 11, Fed. R. Civ. P., for sanctions, including an award of attorney's fees and costs, in connection with its defense of the claims made by the Plaintiffs against the School Board in the Plaintiffs' Amended Complaint, and states as follows:

1. Plaintiffs filed the Amended Complaint (doc. 13), stating that they are appealing the "June 15, 2012 Final Order" of the Administrative Law Judge in Florida Division of Administrative Hearings ("DOAH") Case No. 12-1273E, which related to the IEP for Plaintiff AL.

2. As clearly appears from the Final Order in DOAH Case No. 12-1273E (which is attached to the Plaintiffs' Amended Complaint at Exhibit A-1), the IEP that was the subject of DOAH Case No. 12-1273E is indisputably subject to the stay-put provision of 20 USC § 1415(j), because Plaintiffs' previously-filed administrative proceeding (DOAH Case No. 10-10485) is still pending.

3. Accordingly, the Plaintiffs filed the Amended Complaint in violation of Rule 11(b)(1), (2) and (3), Fed. R. Civ. P. The claims made in the Amended Complaint are not warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law; the factual contentions completely lack any evidentiary support; and the Defendant submits that the claims are being submitted for an improper purpose to harass the Defendant and to needlessly increase the cost of litigation.

### Memorandum of Law

Section 1415(j) of the Individuals with Disabilities Education Act ("IDEA"), 20 USCS §1415(j), provides as follows:

> [D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, **the child shall remain in the then-current educational placement of the child**, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

(emphasis added).

The School Board is prevented by the stay put provision in 20 USCS § 1415(j), from altering the student's educational placement without the agreement of Plaintiffs. The Supreme Court has held that Section 1415(j) is "unequivocal," stating "plainly" that a school board *shall not* change the current educational placement unless or until it can agree on an alternative placement with the parents, or until the issue is resolved through the administrative hearing process. *Honig v. Doe*, 484 U.S. 305, 323, 108 S. Ct. 592, 604, 98 L. Ed. 2d 686 (1998) (quoting 20 U.S.C. § 1415(e)(3) (now codified at 20 U.S.C. § 1415(j)). The provision amounts to, "in effect, an automatic preliminary injunction," *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982), maintaining the status quo and ensuring that schools cannot exclude a disabled student or

2

change his placement without complying with due process requirements. *CP v. Leon County Sch. Bd.*, 483 F.3d 1151, 1156 (11th Cir. 2007).

The Eleventh Circuit described the issue in CP, as follows:

> In this case, CP argues that the School Board was obligated to implement an alternative placement, abandoning the stay-put IEP, in spite of the fact that the stay-put provision had been invoked and that the parties had not agreed on an interim alternative placement. The thrust of CP's argument is that the School Board violated the IDEA's requirement that local educational agencies update a child's IEP annually in order to provide FAPE, even though the stay-put provision had been invoked and even though the School Board and parents could not agree on an alternative placement.

*Id.* at 1157. The Eleventh Circuit flatly rejected the notion that the School Board could have denied the student FAPE by complying with the stay put provisions of the IDEA.

The attorney in *CP* is the same attorney whose name appears as a signatory on the Amended Complaint filed in this case. The School Board met with Plaintiff PLB in June 2011, and attempted to conduct an IEP meeting in August 2011, to review Plaintiff A.L.'s IEP and attempt to reach an agreement regarding potential changes, to no avail. As a result, A.L.'s stay put IEP, developed on June 7, 2010 remained in effect.

Rule 11(c)(1) and (4), Fed. R. Civ. P., specifically provide for an award of attorney's fees against both the party and her attorney in these circumstances. As a result of the foregoing, the School Board is entitled to an award of attorney's fees and costs incurred in its defense of Plaintiffs' claims in the instant case. As noted in the Certificate of Service, this Motion is being served on the Plaintiffs through their attorney on a date that will precede the filing of this Motion with the Court by 21 days.

WHEREFORE, the Defendant, JACKSON COUNTY SCHOOL BOARD, respectfully requests an award of fees and costs against the Plaintiffs.

RESPECTFULLY SUBMITTED this _13_ day of December, 2012.

/s/ H. Matthew Fuqua
**H. MATTHEW FUQUA**
Florida Bar No. 0451101
mfuqua@embarqmail.com
BONDURANT & FUQUA, P.A.
4450 Lafayette Street (32446)
Post Office Box 1508
Marianna, Florida 32447
Telephone: 850-526-2263
Facsimile:  850-526-5947

/s/ Bob L. Harris
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
**JAMES J. DEAN**
Florida Bar No. 0832121
jdean@lawfla.com
**S. DENAY BROWN**
Florida Bar No.: 88571
dbrown@lawfla.com
MESSER, CAPARELLO & SELF
P.O. Box 15579
Tallahassee, FL 32317
Telephone:    (850) 222-0720
Facsimile:    (850) 558-0662

*Counsel for Jackson County School Board*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December _13_, 2012, I electronically sent, and mailed the foregoing document by first-class mail to: Rosemary N. Palmer, Esquire, 5260 Pimlico Drive, Tallahassee, Florida 32309.

/s/ H. Matthew Fuqua
**H. MATTHEW FUQUA**
Florida Bar No. 0451101
mfuqua@embarqmail.com
BONDURANT & FUQUA, P.A.
4450 Lafayette Street (32446)
Post Office Box 1508
Marianna, Florida 32447
Telephone: 850-526-2263
Facsimile:  850-526-5947

/s/ Bob L. Harris
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
**JAMES J. DEAN**
Florida Bar No. 0832121
jdean@lawfla.com
**S. DENAY BROWN**
Florida Bar No.: 88571
dbrown@lawfla.com
MESSER, CAPARELLO & SELF
P.O. Box 15579
Tallahassee, FL 32317
Telephone:   (850) 222-0720
Facsimile:   (850) 558-0662

*Counsel for Jackson County School Board*