IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B. and P.L.B for herself,

    Plaintiffs,

v.                                    CASE NO. 5:12-cv-299-RS-EMT

JACKSON COUNTY SCHOOL BOARD,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 24) and Plaintiff's Response (Doc. 28).

*Background*

On March 15, 2011, Plaintiffs filed a Verified Amended Request for Impartial Due Process Hearing in DOAH Case. No. 10-10485 ("AL I"). This resulted in a six week administrative hearing that concluded on April 5, 2012. *See A.L. v. Jackson Cnty. Sch. Bd.,* DOAH Case No. 10-10485. Plaintiff challenged many aspects of A.L.'s education including the sufficiency of A.L.'s existing June 2010 Individualized Education Program ("IEP"), A.L.'s November 2010 IEP, the implementation of the June 2010 IEP, the consideration of Dr. Kytja Voeller's recommendations, the provision of assistive technology, and A.L.'s performance

1

on standardized tests.  A final order has not yet been issued by the Administrative Law Judge.

On June 27, 2012, Defendant filed a Petition for Due Process to resolve issues pertaining to the provision of Free Appropriate Public Education ("FAPE") to A.L. because Plaintiffs continued to demand to record IEP meetings. Defendant's Petition was assigned DOAH Case No. 12-002562 ("AL II").  On August 13, 2012, Plaintiff filed a counterclaim for retaliation under IDEA and Section 504/ADA.  *See Jackson Cnty. Sch. Bd. v. A.L. and P.L.B.*, DOAH Case No. 12-002562.  The petition and counterclaim were heard by the same Administrative Law Judge who presided over AL I.  A final order has not yet been issued by the Administrative Law Judge.

On September 13, 2012, Plaintiff filed an amended complaint against Defendant asserting the following claims: Count I for Injunctive Relief, Count II for Declaratory Relief, Count II for Denial of FAPE under Individuals with Disabilities Act ("IDEA"), Count IV for Section 504 Discrimination, Count V for Retaliation under IDEA and Section 504, and Count VI for Writ of Mandamus. (Doc. 13).

Defendant moves to dismiss Counts I-V for failure to exhaust administrative remedies and Count VI for failure to state a claim upon which relief may be granted.

*Motion to Dismiss Standard*

In order to overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000)(citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level ….' " *Id.* (quoting *Twombly*, 544 U.S. at 555).

*Analysis*

<u>Counts I-V</u>

The IDEA allows parents to "present complaints with respect to any matter relating to the identification, evaluation, or education placement of the child, or the provision of a [FAPE] to such child." 20 U.S.C. § 1415(b)(6). Under the IDEA, parents must first have "an impartial due process hearing, which shall be conducted by the State education agency or by the local education agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1)(A). In Florida, these hearings are conducted by the Division of Administrative Hearings. "Once the administrative proceedings are *complete*, the IDEA provides that either party may challenge those proceedings in state or federal court." *J.P. v. Cherokee Cnty. Bd. of Ed.,* 218 Fed. Appx. 911, 913 (11th Cir. 2007)(emphasis added). Failure to exhaust administrative remedies will result in dismissal of the civil action. *Id.*

Additionally, the Eleventh Circuit has interpreted the IDEA's exhaustion requirement to apply to a " 'broad' spectrum of claims" including those under the ADA, Section 504, and the First Amendment. *Id.; M.T.V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006). "Thus, whether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section

4

504, or the Constitution, they must first be exhausted in state administrative proceedings." *Id.*

Because the Administrative Law Judge has not entered final orders in either AL I or AL II, the administrative process is not yet complete, and therefore, Plaintiffs have not exhausted their administrative remedies. Plaintiffs argue that since they are requesting relief that administrative process cannot provide that exhausting administrative remedies is not required. This argument fails. Plaintiffs may not "avoid the exhaustion requirement simply be asking for relief that administrative authorities cannot grant." *G.J. v. Muscogee Cnty. Sch. Dist.*, 704 F.Supp.2d 1299, 1312 (M.D.Ga. 2010). Plaintiffs also argue that this lawsuit involves facts that happened after November 2010, which were not part of the previous administrative hearings. If that is the case, then Plaintiffs still must been the exhaustion requirement regarding the new claims. Therefore, because the administrative remedies have not been exhausted, Counts I-V are **DISMISSED**.

## Count VI

Count VI of Plaintiffs' Complaint is a petition for writ of mandamus For Defendant to provide a court reporter for a hearing which previously occurred on May 4, 2012. (Doc. 13, ¶ 67-72). Fed. R. Civ. P. 81(b) effectively abolished common law writs of mandamus in federal civil proceedings. The sole provisions

pertaining to writs of mandamus are now codified in 28 U.S.C. § 1361, which states:

> The district courts shall have original jurisdiction of any action in nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Because Defendant is not an officer or employee of the United States or any agency thereof, Plaintiffs are not entitled to a writ of mandamus.

Additionally, the party seeking mandamus must show that its right to the issuance of the writ is "clear and indisputable." *Carpenter v. Mohawk Industries, Inc.,* 541 F.3d 1048, 1055 (11th Cir. 2008). The petitioner must show: (1) a clear right to the relief sought; (2) that respondents have a clear duty to act; and (3) no other remedy is available. *Cash v. Barnhard,* 327 F.3d 1252, 1258 (11th Cir. 2003). "[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Id.* at 1257 (quoting *Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969). Plaintiffs have not shown that their rights to the issuance of the writ is "clear and indisputable" and have not met the requirement above. Therefore, Count VI is **DISMISSED** for failure to state a claim upon which relief may be granted.

*Conclusion*

1. The relief requested in Defendant's Motion to Dismiss (Doc. 24) is **GRANTED**.

2. Counts I-V are dismissed for failure to exhaust administrative remedies.

3. Count VI is dismissed for failure to state a claim upon which relief may be granted.

4. The Clerk is directed to close the case.

**ORDERED** on January 30, 2013.

                                   **/s/ Richard Smoak**
                                   **RICHARD SMOAK**
                                   **UNITED STATES DISTRICT JUDGE**