**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

A.L., by P.L.B. and P.L.B for herself,

    Plaintiffs,

v.                                    CASE NO. 5:12-cv-299-RS-EMT

JACKSON COUNTY SCHOOL BOARD,

    Defendant.

_____/

## ORDER

Before me are Defendant's Motion For Sanctions Pursuant to Federal Rule 11 (Doc. 27), Plaintiff's Response (Doc. 32), Defendant's Reply (Doc. 37), and Plaintiff's Response to the Reply (Doc. 40).[1]

On March 15, 2011, Plaintiffs filed a Verified Amended Request for Impartial Due Process Hearing in DOAH Case. No. 10-10485 ("AL I"). This resulted in a six week administrative hearing that concluded on April 5, 2012. *See A.L. v. Jackson Cnty. Sch. Bd.,* DOAH Case No. 10-10485. Plaintiff challenged many aspects of A.L.'s education including the sufficiency of A.L.'s existing June 2010 Individualized Education Program ("IEP"), A.L.'s November 2010 IEP, the implementation of the June 2010 IEP, the consideration of Dr. Kytja Voeller's

---

[1] Plaintiff's Response to the Reply was received more than an hour after the February 12, 2013, deadline; however, the Court will still consider it.

recommendations, the provision of assistive technology, and A.L.'s performance on standardized tests. A final order has not yet been issued by the Administrative Law Judge.

On June 27, 2012, Defendant filed a Petition for Due Process to resolve issues pertaining to the provision of Free Appropriate Public Education ("FAPE") to A.L. because Plaintiffs continued to demand to record IEP meetings. Defendant's Petition was assigned DOAH Case No. 12-002562 ("AL II"). On August 13, 2012, Plaintiff filed a counterclaim for retaliation under IDEA and Section 504/ADA. *See Jackson Cnty. Sch. Bd. v. A.L. and P.L.B.*, DOAH Case No. 12-002562. The petition and counterclaim were heard by the same Administrative Law Judge who presided over AL I. A final order has not yet been issued by the Administrative Law Judge.

On September 13, 2012, Plaintiff filed an amended complaint against Defendant asserting the following claims: Count I for Injunctive Relief, Count II for Declaratory Relief, Count II for Denial of FAPE under Individuals with Disabilities Act ("IDEA"), Count IV for Section 504 Discrimination, Count V for Retaliation under IDEA and Section 504, and Count VI for Writ of Mandamus. (Doc. 13). On January 30, 2013, Defendant's motion to dismiss was granted. Defendant now brings a motion for sanctions under Fed. R. Civ. P. 11 for attorneys' fees and costs.

Fed. R. Civ. P. 11(c) states: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Rule 11(b) requires that when an attorney submits a pleading, that to the best of that person's knowledge, information, and belief that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Defendant claims that Plaintiff violated Rule 11(b)(1-3).

The Supreme Court has stated that section 1415(j) of the IDEA is "unequivocal," stating "plainly" that a school board *shall not* change the current education placement of the child without the consent of the parents or until the issue is resolved through the administrative hearing process. 20 U.S.C. § 1415(j); *Honig v. Doe*, 484 U.S. 305, 323 (1998). The Eleventh Circuit ruled on an almost identical case, *CP v. Leon Cnty. Sch. Bd.*, 483 F.3d 1151 (11th Cir. 2007):

> In this case, CP argues that the School Board was obligated to implement an alternative placement, abandoning the stay-put IEP, in spite of the fact that

>the stay-put provision had been invoked and that the parties had not agreed on an interim alternative placement. The thrust of CP's argument is that the School Board violated the IDEA's requirement that local educational agencies update a child's IEP annually in order to provide FAPE, even though the stay-put provision had been invoked and even though the School Board and parents could not agree on an alternative placement.

*Id.* at 1156. In this case, Defendant and Plaintiff could not agree to changes in the child's IEP. Therefore, the stay-put provision of the IDEA prevented Defendant from updating the IEP.

The attorney in this case is the same attorney in the *CP* case. She was well aware of the current law on the issue and knew or should have known that the claims in the amended complaint of this case were in violation of Fed. R. Civ. P. 11(b). Therefore, Defendant's Motion For Sanctions Pursuant to Federal Rule 11 (Doc. 27) is **GRANTED**. Defendant is awarded attorneys' fees and costs against Plaintiffs.

The parties shall confer and attempt to reach an agreement on the issue of reasonable attorneys' fees and costs. If the parties are unable to reach an agreement, pursuant to Fed. R. Civ. P. 53(a)(1)(B)(ii), this issue will be referred to a special master. The parties shall nominate a special master not later than March 15, 2013. If the parties are unable to agree upon a special master, each party shall nominate two persons who are willing to serve as a special master and submit their qualifications to the Court. The parties shall also not later than March 15, 2013, submit a proposed order of appointment which conforms to the requirements set

forth in Fed. R. Civ. P. 53(b). The parties shall also attempt to agree upon the level of review I am to apply in reviewing the special master's report. *See* Fed. R. Civ. P. 53(f)(3).

Payment of the special master shall initially be shared equally by the parties. However, the payment of the special master's fees may reapportioned based upon the special master's findings. *See* Fed. R. Civ. P. 53 (g)(3).

**ORDERED** on February 15, 2013.

                                      **/s/ Richard Smoak**
                                      **RICHARD SMOAK**
                                      **UNITED STATES DISTRICT JUDGE**