UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B., and
P.L.B., for herself

     Plaintiffs,                                  CASE NO. 5:12-cv-00299-RS-EMT

vs.

JACKSON COUNTY SCHOOL BOARD,

     Defendant.
_____/

## ATTORNEY'S AFFIDAVIT OF ATTORNEY'S FEES & COSTS

STATE OF FLORIDA
COUNTY OF JACKSON

     BEFORE ME, the undersigned authority, personally appeared J. David House, a practicing member of the Florida Bar, who is personally known, after being first duly sworn, states that:

     1.      I have been a practicing member of the Florida Bar for 30 years. During that time I have been in primarily private practice and have represented local government entities including the School Board of Calhoun and Liberty Counties.

     2.      I am familiar with cases seeking enforcement of agency actions and with reasonable attorneys' fees in the United States District Court.

     3.      I am familiar with attorneys' fees which would be fair and reasonable and make this affidavit pursuant to the criteria set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985) and its progeny and Rule 4-1.5, Florida Bar Rules of Professional Conduct

4.      I have reviewed the file of Bondurant & Fuqua, P.A., the attorneys for Defendant in the above-titled action.

5.      In reviewing the time records and case file, I have considered the following factors as guides in determining a reasonable fee:

     a.   The time and labor required;

     b.   The novelty and difficulty of the questions involved;

     c.   The skill requisite to perform the legal service required;

     d.   The acceptance of the particular employment as it bears upon other employment

     e.   The fee customarily charged in the locality for similar legal services;

     f.   The results obtained;

     g.   The time limitations imposed by the client or by circumstances;

     h.   The professional relationship with the client;

     i.   The experience, reputation, and ability of the lawyers performing the services.

6.      I have reviewed the hourly rates and the time spent by professionals working on the case.  The hourly rate(s) charged by Bondurant & Fuqua, P.A. for this matter are in my opinion, appropriate and within the range of charges of counsel with comparable experience for comparable services.  The time spent on those matters was, in my opinion, both reasonable and necessary for the proper presentation of the case given the circumstances under which the services were rendered.

7.      In my opinion, the sum of $1,250.25 would be reasonable attorneys' fees to be awarded to the firm of Bondurant & Fuqua, P.A. for its services rendered in the above-styled action.

8.      I have no interest in the outcome of this matter.

FURTHER AFFIANT SAYETH NOT.

_____

J. DAVID HOUSE
Fla. Bar No.: _____

STATE OF FLORIDA
COUNTY OF JACKSON

The foregoing instrument was sworn to and subscribed before me this _28th_ day of

May, 2013, by _J. DAVID House_ , who is personally known to me, or has produced

_____, and states that the foregoing is true and accurate.

JANET M. THOMPSON
Commission # DD 910742
Expires October 3, 2013
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Notary Signature

_____
Notary, Print, Type, Stamp

Commission #
My Commission Expires: