IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA

PANAMA CITY DIVISION

| | |
|---|---|
| A.L., by P.L.B., and ) | |
| P.L.B. for herself ) | |
|     Plaintiffs ) | Case No. 5:12-cv-299 RS-EMT |
| **vs.** ) | |
| ) | |
| Jackson County School Board, ) | |
|     Defendant | |

PLAINTIFFS' RESPONSE TO JCSB'S AFFIDAVITS FOR FEES [Dkt. 75-78]

COMES NOW, Plaintiffs in response to JCSB's Affidavits For Fees [Dkt. 75-78], objects to JCSB affidavits for fees in the following ways:

1.     JCSB has claimed for a total of $13970.25 attorney fees including involvement of eight attorneys (Mr. Fuqua, Mr. Bondurant, Mr. Harris, Ms. Brown, Ms. Leiter, JJD, Mr. Teller, Mr. Dean). The substantive documents include an Amended Complaint, JCSB's Motion to Dismiss, JCSB's Motion for Sanctions, Plaintiffs responses to those motions and JCSB's replies, and Eleventh Circuit appeal of Judge Smoak's orders granting JCSB's Motions. If this court reviews the administrative record, which was filed in Dkt. 62, and then stricken from being part of the record for appeal[1], it can see that JCSB neither covered nor researched

---

[1] Plaintiffs are frankly puzzled about the administrative record's current standing. IDEA requires that this court receive the administrative record: "(C) Additional Requirements. In any action brought under this paragraph, the court (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party;147 and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. 1415(i)(2)( C)   It is true that through no fault of Plaintiffs, the administrative record was not filed in time for the court to consider it before it dismissed the

much new ground because of Plaintiffs actions.  It is the one who filed the motions on which it has expended effort.   As one can see from JCSB's fee documentation Dkt 77-1, p 8, January 30 and 31 2013 entry, JCSB researched the effect of the issuance of the Final Order in first DOAH case on its Motion to Dismiss for exhaustion, which was based on the absence of that Final Order.  So any work done on that issue after JCSB should have withdrawn its Motion to Dismiss as moot, it should not be able to get attorney fees for.

2. That issue also supports Plaintiffs argument that the determination of Rule 11 sanctions is premature.  It is impossible at this point to identify what fees might be appropriate.  By making this response, Plaintiffs do not waive any of their defenses to the Rule 11 sanctions, nor their argument that the order to pay JCSB's attorney fees in this case where the parties are a minor and an indigent parent, represented by an attorney who expects to be paid only if and when they prevail, in a matter concerning the civil rights of students with disabilities to a free and appropriate public education and protection from discrimination and retaliation is not consistent with the Rule.

3.  On February 20, 2013, JCSB attorney Bob Harris wrote undersigned counsel saying:

> Pursuant to the Order on the Rule 11 Motion for Sanctions issued by
> Judge Smoak, please let me know as soon as possible when you are

---

claims, which are now on appeal.  But it seems that it should be considered before any new decisions are made in the case, including the amount of new work that reasonable fees would be based upon in the Rule 11 sanctions.  Plaintiffs request the court accept the record for purposes of consideration of the pending issues in this court.

available to confer on the attorneys' fees amount in this case. My staff is compiling the attorneys' fees expended by the Jackson County school district and will let you know that amount very soon. [Attached Ex. A]

On February 22, 2013, undersigned counsel suggested consult by email and asked for the amount JCSB was proposing as fees.  On March 1, 2013, JCSB attorney, Bob Harris, followed that up with a letter that said:

In response to your email asking for what the Jackson County School Board is looking for in terms of fees under the Rule 11 sanctions entered by Judge Smoak, I have conferred with the attorneys with Mr. Bondurant's office, and we are looking for $6,902.50. This total is for the fees expended specifically for the Rule 11 sanctions that were sought by the District and approved by Judge Smoak. [Attached, Ex. B]

Plaintiffs object to requests for attorney fees which are more than double the amount JCSB identified on March 1, 2013 as the fees JCSB believed to be covered by Judge Smoak's order, as that is unreasonable.

4. Plaintiffs object to payment for payments to Bob Harris and his firm before he entered an appearance in this case, which Dkt 77-1, p. 6 confirms he did only on 12/20/2012.

5. Plaintiffs object to being required to pay for line items for which the explanation is redacted.  Dkt 77-1, p. 9, 2/5/2013 JJD (1.50); 2/6 (1.70);  p.10 2/25 (1.10); p.12 3/1 (.70); 3/19 (.50); p. 14 4/8 (.50); p.15 4/17 (1.20); 4/18 (1.20); 4/19 (1.30); 4/30 (3.70).  Plaintiffs cannot tell whether any of these are reasonable or not, or should be opposed if they fall into other categories in this document since they can not know what has been redacted.  Undersigned counsel did ask JCSB on June 1st for unredacted versions of Dkt. 77-1, to which Mr. Harris replied on June

2, 2013, "It is not privileged.  It is other cases. Figure it out yourself. We will not respond to any more of your stupid emails", without sending unredacted copies.

6. Plaintiffs object to time used to coordinate amount the multiple attorneys they have used on the case; as it is unreasonable for them to have to pay for work that parent attorneys in special education cases routinely perform with a single attorney:

    a.  Dkt. 75, p 2: 12/17/12  Fuqua Conference with Frank Bondurant — .25
        (not broken out).
    b.  3/4/13 Fuqua conference with Charles Wynn          .75
        (not broken out)
    c.  3/8/13 Fuqua corres. with Harris                   .20
    d.  4/8/13 Fuqua emails to Bob Harris and staff        .70
        (Not broken out)
    e.  Dkt. 77-1 p.2 10/9/2012[2] DB corres with Harris   .10
    f.  p.3 10/17/12 BLH drafted msg to group              .30
        (Not broken out)
    g.  10/18/12 BLH conferred DB and drafted msg to
            Bondurant (not broken out)                     2.5
    h.  10/19/12 BLH exchanged msg with Bondurant          .20
    i.  p.4 11/20/12 BLH exchanged msg with Bondurant      .20
    j.  11/26/12 BLH conferred with multiple               .80
    k.  P.5 12/07/12 DB and BLH conferred                  .80
        (combined)
    l.  12/10 DB email BLH                                 .20
        (Not broken out)
    m.  12/11 BLH exchanged msg, with JD,  conf with DB
        (not broken out but because DB billed on same day for conf that is   .30
    o.  12/13 BLJ exchanged msg with JD, Fuqua, JJD
        (Not broken out)                                   60/.40
    p.  p. 6 12/20 DB corres to BLH (not broken out)       3.10
        12/20 BLH msg to Fuqua (not broken out)            1.30
        12/28 BLH msg to Bondurant Fuqua (not broken out)  .80
    q.  12/31 BLH msg Fuqua, DB, Bondurant (n/broken out)  2.30

---

[2]  The billing records copies that Plaintiffs received through the electronic filing notice are not clear on the left side dates.   To the best of undersign's ability, she has identified the correct dates above.

|     |        | 12/31 DB emal with BH (not broken out) | .40 |
|-----|--------|----------------------------------------|-----|
| r.  | p.7    | 1/1/13 BLH exchanged with Fuqua        | .20 |
| s.  |        | 1/2  BLH exchanged with Fuqua          | .20 |
| t.  |        | 1/3  BLH and DB emails with Fuqua, Bondurant, DB (combined) | .40 |
| u.  |        | 1/4  BLH with DB, Fuqua, Bondurant, DB review BLH correspndence (combined) | 1.50 |
| v.  |        | 1/7  DB reviewing email from Harris    | .1  |
|     |        | 1/9  BLH with Fuqua                    | .30 |
| w.  |        | 1/10 Duplicate work with BLH and DB    | .20 |
| x.  |        | 1/11 BLH conf with DB  (combined)      | .40 |
| y.  | p.8    | 1/25 BLH confer with ML (N/broken out) | .70 |
| z.  |        | 1/28 BLH msg to Bondurant (n/broken out) | .60 |
| aa. |        | 1/30 BLH exchange msg Fuqua, conf ML (N Br.Out) | .50 |
| bb. | P.9    | 2/4  BLH conf with ML (N/broken out)   | 2.70 |
| cc. |        | 2/5 BLH conf with RT, ms Fuqua (N/broken out | 1.0 |
| dd. |        | 2/11 BLH conf with Julie Weatherly, Bondurant | .40 |
| ee. | p10    | 2/13 BLH duplicate work ML             | .40 |
| ff. |        | 2/18 JJD conf with BLH (N/broken out)  | .80 |
| gg. |        | 2/19 JJD emails with BLH               | .30 |
| hh  |        | 2/20 JJD emails with BLH               | .20 |
| ii. |        | 2/21 JJD emal BLH (N broken out)       | .60 |
| jj. |        | 2/25 BLH call with Fuqua (N broken out) | 1.10 |
| kk. | P.12   | 3/18 BLH ms with Fuqua, conf RT, (not broken out) | 1.30 |
| ll. | P. 13  | 3/27 BLH msg Fuqua and Bondurant (N broken out) | .40 |
| mm. |        | 3/28 BLH emails Fuqua and Bondurant (N.broken out) | .40 |
| nn. | p.14   | 4/12 BLH emails Fuqua (N-broken out)   | .80 |
| oo. | p.15   | 4/17 RJT discussed with BLH (not proken out) | 1.50 |
| pp. |        | 4/28 BLH msg fuqua and bondurant, phone bondurant (Not broken out) | .70 |
| qq. |        | 4/30 BLH conferring with multiple (n/broken out) | 3.70 |

Plaintiffs recognize that because the consultation with multiple attorneys was not broken out in JCSB's affidavit for fees, that the actual number of hours to which Plaintiff's would object if they had that information may be smaller than the total hours of 2.3 hours at $125/hour ( $325) and 35.3 at $150/hour $5295) for a total of $5620. Nevertheless, Plaintiffs ask the court to deduct all the time claimed by JCSB that would not have been necessary had it chosen not to use

multiple attorneys to work on the case in the amount of 37.6 hours, unless JCSB is able to provide accurate documentation that separates the work claimed because of JCSB's choice to have multiple attorneys, from other work.

7. Plaintiffs point out that neither of those who signed the affidavits that the fees were reasonable in Dkt 76, and 79 acknowledge any experience litigating civil rights or special education cases. Mr. House identified himself as familiar with enforcing agency action, which is not what this case is about. Mr. Michael Donaldson has civil litigation and administrative law experience in the land use and environemental areas, both of which are quite different from cases brought not under the Administrative Procedures Act, but under the Individuals with Disabilities Education Act and Section 504. In fact, without civil rights and special education experience, relying on the expertise they claimed, their opinion of what is reasonable is highly likely to be simply wrong. Plaintiffs' counsel's affidavit disputes theirs. [Attached Ex. C]

THEREFORE, Plaintiffs respectfully ask the court to delay the determination of amount of sanctions until the appeal is finished and Plaintiffs claims are heard; to determine the sanctions to be something other than the JCSB's fees to carry out the purpose of Rule 11; and if the court does not, to find that the amount of fees shall be no more than the amount JCSB declared their attorney fees to be as of March 1, 2013 ($6,902.50) minus $3885 for the multiple attorneys time until that date.

Respectfully Submitted,

Respectfully Submitted this 11th day of July 2013.

/s/ Rosemary N. Palmer
Rosemary N. Palmer
FL Bar #70904
5260 Pimlico Drive
Tallahassee FL 32309
(850) 668-9203
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been filed electronically and furnished thereby by Notice of Electronic Filing this 11th day of July 2013 to Matthew Fuqua, Bondurant and Fuqua, 4450 Lafayette Street, Marianna, FL, mfuqua@embarqmail.com., and Bob L.Harris, Messer, Caparello & Self, PO Box 15579, Tallahassee FL 32317, bharris@lawfla.com

/s/ Rosemary N. Palmer
Rosemary N. Palmer
FL Bar #70904
5260 Pimlico Drive
Tallahassee FL 32309
(850) 668-9203
ATTORNEY FOR PLAINTIFFS

# MESSER CAPARELLO, P.A.

Attorneys At Law
www.lawfla.com

February 20, 2013

**BY ELECTRONIC & U.S. MAIL**
*floridalawlady@gmail.com*

Rosemary N. Palmer, Esq.
5260 Pimlico Drive
Tallahassee, FL 32309

RE: **A.L., by P.L.B. and P.L.B. for herself vs. Jackson County School Board**
USDC, Northern District Case No.: 5:12-cv-00299-RS-EMT

Dear Ms. Palmer:

Pursuant to the Order on the Rule 11 Motion for Sanctions issued by Judge Smoak, please let me know as soon as possible when you are available to confer on the attorneys' fees amount in this case. My staff is compiling the attorneys' fees expended by the Jackson County school district and will let you know that amount very soon. Again, because we have a short window of time before a special master will be appointed, please let me know the dates and times you are available. Thank you.

Sincerely,

Bob L. Harris

BLH/jms
cc: Frank Bondurant, Esq.
    H. Matthew Fuqua, Esq.

EXHIBIT A

Location: 2618 Centennial Place / Tallahassee, Florida 32308
Mailing Address: P.O. Box 15579 / Tallahassee, Florida 32317-5579
Main Telephone: (850) 222-0720 / Fax: (850) 558-0662

# MESSER CAPARELLO, P.A.

Attorneys At Law
www.lawfla.com

March 1, 2013

**BY ELECTRONIC & U.S. MAIL**
*floridalawlady@gmail.com*

Rosemary N. Palmer, Esq.
5260 Pimlico Drive
Tallahassee, FL 32309

      RE:    **A.L., by P.L.B. and P.L.B. for herself vs. Jackson County School Board**
                USDC, Northern District Case No.: 5:12-cv-00299-RS-EMT

Dear Ms. Palmer:

      In response to your email asking for what the Jackson County School Board is looking for in terms of fees under the Rule 11 sanctions entered by Judge Smoak, I have conferred with the attorneys with Mr. Bondurant's office, and we are looking for $6,902.50. This total is for the fees expended specifically for the Rule 11 sanctions that were sought by the District and approved by Judge Smoak.

      Please let me know by Tuesday, March 5, 2013, whether you are an agreement and willing to pay Jackson County School Board this amount. If you would like to make a counteroffer of some kind, we are willing to listen to your proposals.

      If not, on Wednesday, March 6, 2013, I will advise Judge Smoak that we were unable to reach an agreement pursuant to Fed.R.Civ.P. 53(a)(1)B(ii), and that a special master should be appointed. We will nominate John M. (Mac) Fite, from Barron Redding in Panama City, Florida as the Special Master. Please let me know if Mr. Fite would be acceptable to you as a special master. You can review his background on the Barron Redding website (www.barronredding.com).

      Please let me know, and thank you. I look forward to resolving this amicably.

Sincerely,

Bob L. Harris

BLH/jms
cc:   H. Matthew Fuqua, Esq.

Location: 2618 Centennial Place / Tallahassee, Florida 32308
Mailing Address: P.O. Box 15579 / Tallahassee, Florida 32317-5579
Main Telephone: (850) 222-0720 / Fax: (850) 558-0662

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA

PANAMA CITY DIVISION

| | | |
|---|---|---|
| A.L., by P.L.B., and | ) | |
| P.L.B. for herself | ) | |
| Plaintiffs | ) | Case No. 5:12-cv-299 RS-EMT |
| **vs.** | ) | |
| | ) | |
| Jackson County School Board, | ) | |
| Defendant | | |

ATTORNEY'S AFFIDAVIT OF ATTORNEY FEES

1. I have been a practicing member of the Florida Bar since December 1995, practicing in Leon County, Florida, the panhandle of Florida, as a sole practitioner. I have also been a practicing member of the Utah Bar since May 1987, having been an assistant city attorney and an acting city attorney. I have been handling civil rights and special education law cases for parents since 1996 at the Division of Administrative Hearings, Federal District and Eleventh Circuit courts. I have experience in civil litigation before state circuit courts and First District Court of Appeals.

2. I am familiar with attorneys fees and costs which would be fair and reasonable in federal district court civil rights and special education cases, and applicable federal and state rules.

3. I have reviewed the documents provided in this case Dkt. 75-78. I have reviewed the time spent by professionals working on the case. The time spent by the attorneys for Jackson County School Board in this case as declared by them in

        those documents are, in my opinion, unreasonable and unnecessary for the proper presentation of the case, given the circumstances under which the services were rendered.  The inclusion of the services of eight different attorneys against a sole practitioner with limited resources is overreaching and thwarts the purpose of the laws involved in this case, not to mention creates extra work unnecessarily.

4;       In my opinion it is unreasonable for attorneys to claim fees for which the time entry explanation has been redacted.

4.       In my opinion, the sum of $$6,902.50 minus $3885 for the unnecessary work of the many attorneys is reasonable for services rendered by them in this case.


Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.

/s/ Rosemary N. Palmer
Rosemary N. Palmer
FL Bar #70904
5260 Pimlico Drive
Tallahassee FL 32309
(850) 668-9203