## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF FLORIDA

### PANAMA CITY DIVISION

| | | |
|---|---|---|
| A.L., by P.L.B., and | ) | |
| P.L.B. for herself | ) | |
| Plaintiffs | ) | Case No. 5:12-cv-299 RS-EMT |
| **vs.** | ) | |
| | ) | |
| Jackson County School Board, | ) | |
| Defendant | | |

### MOTION FOR RECONSIDERATION RULE 11 SANCTIONS [Dkt. 41]

COMES NOW, Plaintiffs, and moves the court to reconsider its order granting

Rule 11 sanctions against them for filing this case in federal court.   They do so on the

basis of Supplemental Authority ---- a case in which The Honorable Stephen Mickle

granted a preliminary injunction requiring a school district to implement a new Individual

Education Program ("IEP") over the school district's stay put objection in 2004[1].  *MP*

*2004 v. Leon County School Board*, Dkt. 22, NDFL Case No. 4:04-cv-69 (2004)

(attached).

The case shows that courts do have authority to grant injunctive relief in cases

under the Individuals with Disabilities Education Act, when the circumstances are

appropriate, and that stay put does not always and automatically trump the child's needs

going forward.   Since the Northern District of Florida has at least once issued injunctive

---

[1]  Plaintiffs' counsel asks the court for reasonable accommodation to consider the
supplementary authority.  The case was not a published one, but if counsel's memory were not
impaired by her disabling condition, she might have recalled it specifically before recently.

relief in the stay put context of IDEA, granting a new IEP to a student, it cannot be either

unreasonable or frivolous for Plaintiffs to file its claims in federal district court in this

case seeking the same (and additional relief under other statutes).

Therefore, Plaintiffs respectfully request that the court reconsider and vacate its

order for Rule 11 sanctions [Dkt. 41].

Undersigned consulted with opposing counsel who opposes this motion.

Submitted this 29th day of July 2013.


CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been filed electronically and furnished
thereby by Notice of Electronic Filing this 29th day of July 2013 to Matthew Fuqua,
Bondurant and Fuqua, 4450 Lafayette Street, Marianna, FL, mfuqua@embarqmail.com.,
and Bob L.Harris, Messer, Caparello & Self, PO Box 15579, Tallahassee FL 32317,
bharris@lawfla.com

Respectfully Submitted this 29 day of July 2013.
/s/ Rosemary N. Palmer
Rosemary N. Palmer
FL Bar #70904
5260 Pimlico Drive
Tallahassee FL 32309
(850) 668-9203
ATTORNEY FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MP 2004,

        Plaintiff,

vs.                                 CASE NO.: 4:04cv69-SPM

LEON COUNTY SCHOOL BOARD,
WILLIAM MONTFORD, Individually
and in his capacity as Superintendent,
WARD SPISSO, in his official capacity,

        Defendants.
_____/

**<u>ORDER</u>**

      This cause comes before the Court on Plaintiff's Motion for Emergency Preliminary Injunction, or, Alternatively, Determination of the Stay Put Placement (doc. 7) and Defendant's response (doc. 14).  Although the allegations made in the complaint and motion for injunction raise many issues, all stem from a single legal issue of whether the stay put provision[1] of the IDEA[2] prevents or excuses Defendants from exercising the duty, under 6A-6.0334(2), Florida Administrative Code, to place Plaintiff in appropriate educational programs consistent with the Individual Education Plan (IEP) of the Orange County School District.

---

[1] 20 U.S.C. § 1415(j)

[2]  Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1491

**BACKGROUND**

Plaintiff, MP, is an 18 year old exceptional education student who suffers from emotional problems, language impairment, and learning disability.  He has been enrolled intermittently in the Leon County School District since 1996, and has made little educational progress while there.  Five legal proceedings, including this one, have resulted.

First, in May 2001, MP  through his parents requested a due process hearing regarding the sufficiency of his IEPs.  The dispute was settled at mediation, without a hearing and without filing suit.

Second, on April 26, 2002, MP was arrested for possession of a controlled substance while at school.  The Leon County School Board suspended MP for eight days and proposed a forty-five day interim alternative educational placement for MP at the Second Chance School.  MP's existing IEP remained in effect for the Second Chance School.

Because MP's parents were not satisfied with the IEP and were not satisfied with the Second Chance School as the interim alternative placement, they enrolled MP in the Hope School, which is a private school.  They also requested a due process hearing as to whether the District was providing MP with a free and appropriate public education as required under the IDEA.

On September 5, 2002, the Administrative Law Judge (ALJ) ruled that MP's IEP and his alternative placement in the Second Chance School complied

with the IDEA's requirements.  The ALJ also ruled that the District was not required to reimburse MP's parents for private educational services.  The ALJ refused to hear other issues raised by MP's parents regarding the sufficiency of the IEPs from 1997 to 2002 and various non-IDEA claims; finding that the proper scope of the hearing was limited to the disciplinary issues in accordance with 20 U.S.C. § 1415(k)[3].  All other issues, the ALJ ruled, should be addressed at a separate hearing.  MP filed suit in federal court for review of these rulings and relief on other claims, which included all of the claims dismissed at the hearing and additional claims concerning extended year services in 2002 and an IEP for the 2002-2003 school year.  The suit, MP One[4], is still pending.

Third, in October 2002, MP's parents requested a due process hearing regarding the issues that were not addressed at the disciplinary hearing.  The ALJ ruled that she had no jurisdiction to enforce the parties' mediation agreement from 2001.  Furthermore, because MP's parents had since raised all other issues in federal court through MP One and insisted that the issues remain before the federal court, the ALJ dismissed the remaining claims.  MP then filed suit in federal court.  This suit, MP Two[5], is still pending.

Fourth, between June 2 and 23, 2003, MP was detained at the Leon

---

[3]  20 U.S.C. § 1415 regulates the change of placement, for disciplinary reasons, of a child with a disability and prescribes hearing procedures.

[4]  Case number 4:02cv342

[5]  Case number 4:03cv43

Case No.: 4:04cv69-SPM

Regional Juvenile Detention Center.  MP was enrolled in the Hope School at the time, but during his period of detention he received schooling at the detention center.  The schooling provided was not pursuant to an IEP because the District did not provide MP with an IEP at the beginning the 2003-2004 school year, although MP's parents requested an IEP in March 2003.  After MP arrived at the detention center, the district initiated the process for developing an IEP.  MP was released, however, before the IEP was developed.

MP's parents requested a due process hearing regarding the 2003-2004 IEP.  The ALJ ruled that MP was not entitled to an IEP during the 2003-2004 school year because MP was enrolled in a private school and receiving McKay Scholarship funds[6].  MP filed suit in federal court.  This suit, MP Three[7], is still pending and has been consolidated with MP One and MP Two.

Fifth, and finally, the instant case arises from MP's transfer from the Orange County School District to the Leon County School District on February 9, 2004.  MP was living in Orange County from September 25, 2003 until February 2004.  He moved to Orange County to receive trauma treatment and enrolled in the public school system.  The Orange County School District developed an IEP for MP.  MP's parents were satisfied for the most part with the IEP and MP made

---

[6]  The John M. McKay Scholarships for Students with Disabilities Program, 1002.39, Fla. Stat.

[7]  Case No. 4:03cv387

significant progress.

MP transferred to the Leon County School District when he moved back home in February 2004.  The District refused to adopt the IEP from Orange County and insisted that MP's IEP from April 2002 stay put.  MP requested a due process hearing.  The ALJ dismissed MP's claims on March 2, 2004 after finding that it lacked jurisdiction to award injunctive relief to MP and that the issue of MP's stay-put IEP was a matter for the federal court to determine.  MP then filed this suit.

**DISCUSSION**

When an exceptional educational student with a current IEP transfers from one Florida public school district to another, the receiving district is required to place the student in appropriate educational programs consistent with the IEP. Fla. Admin. Code R. 6A-6.0334(2).  If the receiving district chooses to review and revise the IEP, it may do so in accordance with the general requirements for diagnosing, evaluating, and assigning exceptional students.  Id.; Fla. Admin. Code R. 6A-6.0331.  The regulations, however, do not allow the transferring district to disregard the IEP.

The District in this case disregarded MP's IEP from the Orange County School District based the stay-put provision of the IDEA.  A review of the provision, however, reveals no impediment to implementing the IEP from Orange County.

Case No.: 4:04cv69-SPM

"[T]he purpose of the stay-put provision . . . is 'to prevent school districts from effecting unilateral change in a child's educational program.'" <u>Georgia State Dep't of Educ. v. Derrick C.</u>, 314 F.3d 545, 551 (11th Cir. 2002) (quoting <u>Erickson v. Albuquerque Pub. Schs.</u>, 199 F.3d 1116, 1121 (10th Cir. 1999).

It reads in relevant part:

> . . . [D]uring the pendency of any proceedings conducted pursuant to this section, unless the State of local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j).

Nothing in the terms of the stay-put provision requires the District to keep MP frozen in his 2002 IEP.  Under its plain terms, the stay-put provision allows a school district or the state, with the consent of the parents, to make changes to MP's IEP.  Because MP's parents have consented to the IEP developed by Orange County, the stay-put provision does not prevent the District from fulfilling its obligation under Fla. Admin. Code R. 6A-6.0334(2) to place MP in programs consistent with the IEP from Orange County.

In similar situations, courts have determined that the stay-put provision does not prohibit school districts from making changes to an IEP when those changes are requested by the parents and ordered by state hearing officers. <u>See</u> <u>Burlington Sch. Comm. of the Town of Burlington v. Dep't of Educ. of the</u>

<u>Commonwealth of Mass.</u>, 471 U.S. 359, 372 (1985); <u>Bd. of Educ. of Montgomery County v. Brett Y.</u>, 959 F.Supp. 705, 708-713 (D. Md. 1997). There is no reason to come to a different conclusion in this case simply because the required change to the IEP is pursuant to a state administrative regulation as opposed to an order from a hearing officer. Like an order from a hearing officer, a administrative regulation requiring a change to an IEP is tantamount to an agreement by the state to modify the IEP. To the extent the parents agree, the IEP can be modified without conflicting with the stay-put provision.

Although the District complains that MP should not be allowed to manipulate his IEP by transferring in and out of the District, there is no indication that MP's transfer to Orange County was for anything other than a legitimate purpose to receive medical treatment. In any event, the District has not cited to any provision that prevents MP's transfers or that relieves it of the obligation to implement the transfer IEP. Since MP's parents consent, the District cannot rely on the stay-put provision to absolve itself of the duty to accept the Orange County IEP in accordance with the regulations governing transfer students.

MP has demonstrated an entitlement to preliminary injunctive relief given the record currently before the Court. MP has shown probable success on the merits regarding the IEP from Orange County. MP will suffer irreparable injury from further delays in his education. The injury to MP outweighs any harm to the District since the District is only being required to obey applicable regulations

which do not conflict with the stay-put provision. Implementing the Orange County IEP will serve the public interest.

Given the limited progress MP made under previous IEPs in the District, the passage of time since the 2002 IEP, and the progress MP has made since then, the 2002 IEP at this point in time does not appear reasonably calculated to provide educational benefit to MP[8]. The other matters that may be at issue for preliminary injunctive relief will require further development of the record before they can be determined by the Court. Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.     Plaintiff's Motion for Emergency Preliminary Injunction, or, Alternatively, Determination of the Stay Put Placement (doc. 7) is granted as provided in this order.

2.     The District shall comply with its obligation under Florida Administrative Code Rule 6A-6.0334(2) of placing MP in programs consistent with the IEP from Orange County. No revisions to the IEP shall be made unless agreed upon by MP's parents after consultation in good faith.

DONE AND ORDERED this 20th day of April, 2004.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge

---

[8]  The Court makes no opinion on whether the 2002 IEP was appropriate in 2002.

Case No.: 4:04cv69-SPM