IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B.,
and PLB for herself,

    Plaintiffs,                                                      CASE NO.: 5:12-cv-00299-RS-EMT

vs.

JACKSON COUNTY SCHOOL BOARD,

    Defendant.
_____/

**DEFENDANT, JACKSON COUNTY SCHOOL BOARD'S
RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION
AND INCORPORATED MEMORANDUM OF LAW**

    Defendant, JACKSON COUNTY SCHOOL BOARD ("School Board"), by and through undersigned counsel, pursuant to Local Rule 7.1(C)(1), hereby files this Response to Plaintiffs' Motion for Reconsideration. In support of this Response, Defendant states as follows:

    1.    On July 29, 2013, Plaintiffs filed a Motion for Reconsideration Rule 11 Sanctions ("Motion") (doc. 86), wherein Plaintiffs request this Court reconsider its February 15, 2013 Order which granted Rule 11 sanctions against Plaintiffs (doc. 41). The basis for Plaintiffs' request is that they have identified "Supplemental Authority" in the form of an Order entered by the Honorable Stephen P. Mickle of the United States District Court for the Northern District of Florida, Tallahassee Division, on April 20, 2004. (doc. 86).

    2.    As set forth fully below, Plaintiffs have failed to state a sufficient basis for reconsideration and, accordingly, Plaintiffs' Motion must be denied.

## MEMORANDUM OF LAW

Plaintiffs have failed to state whether their Motion is brought pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Importantly, however, Plaintiffs filed their Motion more than twenty-eight (28) days after the entry of the Order from which they seek relief. (Docs. 86, 41.) Accordingly, in light of such failure and the timing with which the Motion was filed, it must be construed as a Rule 60(b) Motion for Relief from Judgment of Order. *See Mahone v. Ray*, 326 F.3d 1176, n.1 (11th Cir. 2003) ("Although Mahone did not specify whether his motion for reconsideration was filed pursuant to Fed.R.Civ.P. 59(e) or 60(b), we designate it as the latter because it was not filed within 10[1] days of the judgment that it seeks to reopen."); *Bessent v. National Hous. P'ship*, 2008 WL 1744925, *1 (N.D. Fla. April 11, 2008) ("Plaintiff's Motion for Reconsideration does not state whether it is filed pursuant to Rule 59 or Rule 60… However, the timing of the filing is instructive… Because the motion for reconsideration was filed more than ten days after the order was issued and because Plaintiff has not specifically stated what subsection of Rule 60 entitles her to relief, this Court will construe the motion for reconsideration as a motion for relief from an order pursuant to Federal Civil Procedure Rule 60(b)."); *Brown v. Spells*, 2011 WL 4543905, *1 (M.D. Ga. Sept. 30, 2011) ("Thus, applying the time-based method, if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework. If the motion is filed after the twenty-eight window has passed, then Rule 60 should be applied.")

Rule 60(b), Federal Rules of Civil Procedure, states that:

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] "As of December 1, 2009, the time limit for filing under Rule 59(e) has been expanded from ten days to twenty-eight days. *See* Fed.R.Civ.P. 59(e) (2011). Thus, older cases that mention a ten-day deadline should be interpreted in light of the 2009 extension." *Brown v. Spells*, 2011 WL 4543905, n.1 (M.D. Ga. Sept. 30, 2011).

2

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Here, Plaintiffs have claimed that their request is based upon the existence of "Supplemental Authority." (Doc. 86.) As the existence of "Supplement Authority" does not fall within any of the first five (5) subsections of Rule 60(b), Plaintiffs' request must be one under Rule 60(b)(6), Federal Rules of Civil Procedure.

"[R]elief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Rease v. Harvey*, 376 Fed.Appx. 920, 921 (11th Cir. 2010); *Bessent*, 2008 WL 1744925 at *1; *Gulf Power Co. v. Coalsales* II, L.L.C., 2011 WL 3269412, *1 (N.D. Fla. July 29, 2011). Motions made under Rule 60(b)(6) must demonstrate "that the circumstances are sufficiently extraordinary to warrant relief" *Bessent*, 2008 WL 1744925 at *2 (*quoting Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)) and "the party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result" *Rease*, 376 Fed.Appx. at 921. In sum, as the Honorable M. Casey Rodgers of this Court has succinctly stated:

> [W]hile Rule 60(b) "give[s] the court the power to set aside a judgment whose integrity is lacking ... [it] *do[es]* not provide ... a means for litigants to obtain the district court's reconsideration of the claims and defenses its judgment adjudicated." *Gonzalez v. Secretary for Dept. of Corrections,* 366 F.3d 1253, 1294–95 (11th Cir.2004) (emphasis in original). Thus, Rule 60(b) may not be used to challenge mistakes of law that could have been raised on direct appeal, *see Rease v. Harvey,* 376 Fed. Appx. 920, 921 (11th

3

Cir.2010), or as " 'a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed,' " *see Gonzalez,* 366 F.3d at 1295 (quoting *Kustom Signals, Inc. v. Applied Concepts, Inc.,* 247 F.Supp.2d 1233, 1235 (D.Kan.2003)). Furthermore, "[i]t is well established ... that relief under Rule 60(b)(6) 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.' " *Rease,* 376 Fed. Appx. at 921 (quoting *Griffin v. Swim–Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984)). "Under [Rule 60(b)(6) ], '[t]he party seeking relief has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result.' " *Id.* (quoting *Griffin,* 722 F.2d at 680). In other words, like Rule 59(e), "Rule 60(b)(6) should be only sparingly used and may not be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Kramer v. Gates,* 481 F.3d 788, 792 (D.C.Cir.2007) (internal marks and citation omitted).

*Gulf Power Co.,* 2011 WL 3269412 at *1 (internal footnote omitted). In addition, "[a] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]" *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. Dec. 3, 1992). "Motions to reconsider under Rule 60(b)(g) are granted sparingly." *Bessent*, 2008 WL 1744925 at *2.

Here, Plaintiffs have failed to show the existence of any exceptional or extraordinary circumstances entitling them to relief under Rule 60(b)(6), nor have they shown that, absent such relief, an extreme or unexpected hardship will result. *See Bessent*, 2008 WL 1744925 at *2; *Rease*, 376 Fed.Appx. at 921. Rather, Plaintiffs are attempting to utilize Rule 60(b)(6) to present authorities which were available at the time the Order was initially entered, as well as reiterate arguments previously made. This is an impermissible use of a Rule 60(b)(6) motion. See *Z.K. Marine, Inc.*, 808 F.Supp. at 1563; *Gulf Power Co.,* 2011 WL 3269412 at *1. Moreover, Plaintiffs' Motion, despite being couched as a Motion for Reconsideration, clearly attempts to challenge an alleged mistake of law which Plaintiffs previously attempted to raise on direct

4

appeal. (Docs. 44, 61.) Such attempt is, likewise, an impermissible use of a Rule 60(b)(6) motion. *Rease*, 376 Fed.Appx. at 921; *Gulf Power Co.*, 2011 WL 3269412 at *1.

As Plaintiffs' have neither stated a proper basis for relief under Rule 60(b)(6), Federal Rules of Civil Procedures, nor made a showing sufficient to entitle them to relief under Rule 60(b)(6), Federal Rules of Civil Procedure, Plaintiffs' Motion should be denied.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration.

RESPECTFULLY SUBMITTED this 13th day of August, 2013.

/s/ Bob L. Harris
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
MESSER CAPARELLO, P.A.
P.O. Box 15579
Tallahassee, FL 32317
Telephone:   (850) 222-0720
Facsimile:   (850) 558-0662

*Counsel for Jackson County School Board*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Rosemary N. Palmer, Esquire, 5260 Pimlico Drive, Tallahassee, Florida 32309; and to H. Matthew Fuqua, Esq., Bondurant & Fuqua, P.A., 4450 Lafayette Street, Marianna, Florida 32447.

/s/ Bob L. Harris
**BOB L. HARRIS**