[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10901
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00299-RS-EMT

A.L.,
By P.L.B,
P.L.B.,
For Herself,

                                                       Plaintiffs - Appellants,

versus

JACKSON COUNTY SCHOOL BOARD,

                                                       Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 14, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Appellants A.L., a minor, and his mother, P.L.B., appeal the district court's dismissal of their claims for injunctive relief (Count I), declaratory relief (Count II), denial of a free appropriate public education (FAPE) under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 (Count III), discrimination under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a (Count IV), and retaliation under the IDEA and § 504 (Count V).[1]  The district court dismissed Appellants' complaint based on their failure to exhaust administrative remedies under the IDEA.  We review the district court's dismissal for failure to exhaust the IDEA's administrative remedies de novo.  *See Babicz v. School Bd. of Broward Cnty.*, 135 F.3d 1420, 1421 (11th Cir. 1998) (per curiam).  After careful review, we affirm.

I.

---

[1] In their complaint, Appellants also sought a petition for a writ of mandamus (Count VI). This count is not addressed in Appellants' initial brief to this court or in their reply brief. Consequently, we do not address it on appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that a "legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed").

2

Given the complicated procedural history, we recount it here. In total, the parties to this appeal have been involved in three due process hearings.[2] We refer to those hearings as "AL I," "AL II," and "AL III," respectively.

On June 7 and 21, 2010, an Individualized Education Program (IEP) was developed for A.L. A new IEP was later developed on November 17, 2010. On November 24, 2010, prior to the implementation of the November 17, 2010 IEP, Appellants initiated AL I, the first of the three due process hearings, and raised various issues regarding A.L.'s right to FAPE and A.L.'s November 17, 2010 IEP. As a consequence, the November IEP did not take effect and the June IEP became the stay-put IEP for A.L. pursuant to the automatic stay provisions of the IDEA. *See* 20 U.S.C. § 1415(j). After numerous hearings, a final order in favor of the Jackson County School Board (JCSB) was entered on December 27, 2012.

Appellants then initiated AL II in April 2012. AL II concerned many of the same concerns as were challenged in AL I: that A.L. was denied FAPE and that a new IEP had not been implemented since June 2010. In addition, Appellants alleged that JCSB retaliated and discriminated against them. AL II was dismissed

---

[2] Under IDEA, disputes between the parents and school boards are resolved through due process proceedings. 20 U.S.C. § 1415(f)(1)(A). A request for a hearing may be made by either the school board or the parents. 20 U.S.C. §§ 1415(b)(6), (f)(1)(A). In Florida, these hearings are conducted by an Administrative Law Judge (ALJ) of the Florida Division of Administrative Hearings (DOAH). *See* Fla. Admin. Code Ann. r. 6A-6.03311.

without an evidentiary hearing. The final order was filed in June 2012. This final order is the subject of the instant appeal.

The final due process hearing, AL III, was initiated by JCSB in July 2012. JCSB initiated this hearing to resolve Appellants' challenges to A.L.'s FAPE and because Appellants wanted to record A.L.'s IEP meetings. Appellants counterclaimed for retaliation. A final order in favor of JCSB was entered in February 2013.[3]

Appellants filed their complaint with regard to AL II in federal court on September 13, 2012. On October 18, 2012, they amended their federal court complaint. At that time, there had been no final order in either AL I or AL III. JCSB moved to dismiss Appellants' federal court complaint because: (1) Appellants had not exhausted their administrative remedies as required under the IDEA, and (2) for failure to state a claim upon which relief may be granted. The district court granted JCSB's motion to dismiss.

Now on appeal, Appellants argue that it was error for the district court to grant JCSB's motion to dismiss because they had complied with the IDEA's

---

[3] JCSB has requested that we take judicial notice of the pleadings from this due process hearing (AL III). Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The pleadings from AL III are pleadings and orders filed with the Clerk of the Florida DOAH. As such, the facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). JCSB's request for judicial notice is GRANTED.

exhaustion requirements.  JCSB argues that we should affirm the district court because Appellants failed to exhaust their administrative remedies as their federal court complaint was filed prior to the entry of a final order in either AL I or AL III. While it is true that there were three separate due process hearings, the claims in AL I and AL III were substantially similar to those in AL II.  As such, JCSB argues, by failing to exhaust their administrative remedies in AL I and AL III, Appellants failed to comply with the IDEA and dismissal of AL II was therefore appropriate.

## II.

The IDEA guarantees that disabled students receive a FAPE through the provision of various special education services, including an IEP as defined in 20 U.S.C. § 1414(d).  *See Loren F. ex rel. Fisher v. Atlanta Indep. Sch. Sys.*, 349 F.3d 1309, 1311–12 (11th Cir. 2003).  A parent who wishes to challenge an IEP, or any matter relating to the provision of a FAPE, may request an "impartial due process hearing" before an ALJ.  20 U.S.C. § 1415(f).

Once the administrative proceedings are complete, the IDEA provides that either party may challenge those proceedings in state or federal court.  *See* 20 U.S.C. § 1415(i)(2)(A).  In order to bring such a challenge, however, the IDEA requires that a plaintiff first exhaust administrative remedies: "before the filing of a civil action under such laws seeking relief that is also available under this

subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter." 20 U.S.C. § 1415(l).[4] "The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities." *N.B. v. Alachua Cnty. Sch. Bd.*, 84 F.3d 1376, 1378 (11th Cir. 1996) (per curiam) (internal quotation marks omitted).

We have interpreted the IDEA's exhaustion requirement as applying to a "broad" spectrum of claims. *See M.T.V.*, 446 F.3d at 1158. In *M.T.V.*, we found that M.T.V.'s parents' claims based on past retaliation, which included allegations of harassment at IEP meetings, intimidating letters, and needless and intrusive testing of M.T.V., were "related to" M.T.V.'s education within the meaning of the IDEA and therefore subject to the exhaustion requirement. *Id.* at 1158–59; *see also* 20 U.S.C. § 1415(o) ("Nothing in this section shall be construed to preclude a parent from filing a separate due process complaint on an issue separate from a due process complaint already filed.").

### III.

---

[4] The exhaustion requirement applies to claims asserting the rights of disabled children under not only the IDEA, but also the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act of 1973, and the Constitution. *See M.T.V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1157–58 (11th Cir. 2006).

Here, the district court dismissed A.L.'s claims for failure to exhaust administrative remedies. We agree that the issues raised in Counts I-V of Appellants' amended complaint were substantially similar to those issues raised in AL I and AL III. At the time Appellants filed their amended complaint, neither AL I nor AL III had concluded as the ALJ had not yet entered a final order on either matter. Consequently, Appellants failed to exhaust their administrative remedies before bringing this matter to federal court, and therefore it was correctly dismissed.

**AFFIRMED.**

JORDAN, Circuit Judge, concurring.

Had the issues raised by the appellants in AL II been separate and distinct from the issues raised in AL I, I would agree with the appellants that they could file a federal action once the ALJ entered a final order in AL II. But, as the Court correctly notes, the appellants filed AL II while AL I was pending, and the issues they raised in AL II were largely the same as those presented in AL I. In other words, AL II was duplicative of AL I and was dismissed by the ALJ on that basis. Under the circumstances, the appellants did not exhaust their administrative remedies as to the common issues raised in AL II until the ALJ entered a final order in AL I on December 27, 2012.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 14, 2013

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 13-10901-BB
Case Style: A. L., et al v. Jackson County School Board
District Court Docket No: 5:12-cv-00299-RS-EMT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellants.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs