IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA

PANAMA CITY DIVISION

| | |
|---|---|
| A.L., by P.L.B., and ) | |
| P.L.B. for herself ) | |
|     Plaintiffs ) | Case No. 5:12-cv-299 RS-EMT |
| **vs.** ) | |
| ) | |
| Jackson County School Board, ) | |
|     Defendant | |

PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S REPORT AND
RECOMMENDATIONS ORDER [DKT 91][1]

COMES NOW, Plaintiffs, by and through counsel, and objects to the

Magistrate's Report and Recommendations as described below[2].

1. The court's order of May 13, 2013 Dkt.68 ordered defendants to submit fees and

    plaintiffs to challenge or accept the amounts. Plaintiffs did not have sufficient

    notice to know that they were required to do more that challenge defendant's fee

    proposal. The order does not disclose that the court would make findings on

    considerations other than the amount of the fees. The order doesn't identify that

---

[1] Plaintiffs' have refined some objections and argument in this filed version of their objections.

[2] Given how shocking the Rule 11 sanction order was, and the contents of the Report that so deeply challenge Plaintiffs' counsel's work and intentions, it was tough to write these objections. Plaintiffs' counsel wonders if it is possible to object without making the court think she refuses to accept accountability and therefore deserves more. She wishes there were a way to challenge without coming across as unwilling to accept correction: the latter is not true. This court's depiction of her work is unrecognizable to her. Plaintiffs' only intent was to do what they could to avoid wasting years of AL's educational opportunity, which can never be recovered.

       it will consider what sanctions to apply. And the court did not hold any hearing on the extensive fact finding it made in its report. That deprives Plaintiffs of due process.

2. The court made findings of fact about Plaintiffs intentions and actions that are not based on any evidence and which Plaintiffs have not had any opportunity to rebut, without any notice of intent to do that. (See attached affidavits from PLB and Plaintiffs' counsel.)

3. The court's award exceeds the standard in Rule 11( c) (4) that attorney fees only be awarded if "warranted for effective deterrence".

4. The court awarded Rule 11 sanctions against plaintiffs. [Dkt.41] The Magistrate's Report appears to evaluate what should be the Rule 11 sanctions against plaintiffs' counsel.

5. There is no evidence at all that the amended complaint was presented for an improper purpose, or that Plaintiffs made no reasonable inquiry into the factual and legal contentions.

6. The Magistrate's Report does not accurately reflect the factual posture of the case. Plaintiffs brought six[3] claims in their amended complaint: The First, Third and Fifth were brought under the Individuals with Disabilities Education Act, which statute was interpreted by the court in CP v. Leon County School Board. Count II is a claim under the First Amendment, Count IV is a claim for discrimination under Section 504, and Count Five was a claim for Section 504

---

[3] There was a sixth claim for writ of mandamus.

retaliation in addition to under IDEA.  CP cannot be dispositive on the non-IDEA claims as IDEA explicitly states that "[n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. 790 et seq.], or other Federal laws protecting the rights of children with disabilities,..." 20 U.S.C. 1415(l)    Further, Defendants did not move to dismiss any claim raised in the Amended Complaint on the basis that it failed to state a cause of action under which relief could be granted: its 12(b)(6) motion was limited to dismissal on exhaustion grounds.

7. The court did not analyze whether attorney fees were the appropriate sanction and there is no analysis of any other option.

8. The court's summary acceptance that Plaintiffs' counsel's familiarity with CP meant filing the claims in this case automatically frivolous, does not acknowledge Plaintiffs' argument that the facts in CP differ materially from the facts in this case, nor that it is not frivolous to put forward a good faith claim for modification or reversal of existing law, or that Plaintiffs have been denied their statutory right to present testimony and evidence on their claims (20 U.S.C. 1415(h)(2). Plaintiffs object to the court's analysis of the *Thomas* factors as stated below:

    a. (1) "[w]hether the improper conduct was willful, or negligent" ---- the Report finds that it was it was at least knowing and sustains a high award, using as one basis the tone of the order granting sanctions.  This is

   insufficient to sustain such a finding.  Affidavit of Plaintiffs' counsel asserts that she made inquiries and had no reason to believe that CP was not distinguishable or that a good faith argument to modify or overturn CP could not be made.

b.  (2) "whether it was part of a pattern of activity, or an isolated event" === the court in this case suggests that the Eleventh Circuit's disagreement with CP's counsel's argument is sufficient to find a pattern of putting forth unsupported material in court documents is enough to warrant high sanctions.  The footnote does not allege any wrong doing by Plaintiffs counsel.   It does not say that the arguments were frivolous, just that the court believed some citations were not argued in sufficient depth and the court didn't find one argument to be on point.  And the Eleventh Circuit's original opinion (before the petition for Supreme Court cert) articulated it differently:

> [fn.] 9. Appellant cites a number of cases on this issue in his appellate brief, but does not clearly articulate how they support his argument. For example, he relies on Burlington v. Dep't of Educ., 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985), for the proposition that school districts may not avoid their obligation to provide FAPE by simply invoking stay-put. However, Burlington does not support that proposition. In Burlington, the parents had unilaterally withdrawn their disabled child from public school, arguing that the school district's placement had denied FAPE. The parents prevailed in the administrative hearing and the placement approved by the hearing officer's decision became the "stay-put" IEP. The Court construed the hearing officer's decision as an agreement between the state agency and the parents to alter the educational placement under the stay-put provision, thus the parents were entitled to be reimbursed by the school board for the cost of the private education. Burlington does not compel the

> School Board to agree with the parents' proposed placement apart from the judgment of a hearing officer. Thus, CP's reliance on Burlington is misplaced. CP v. Leon County School Bd. Florida, 466 F.3d 1318, 1325 (11th Cir., 2006)

Further the *CP* footnote in either the original (above) or the version cited above, distinguish *Burlington* from *CP*: *Burlington* is a case in which the court granted an injunction to change the stay-put ---just like Plaintiff's claim in this case. *Burlington* was cited for that in the ALJ's opinion in this case. If Eleventh Circuit rejected its applicability to *CP*, that merely bolsters Plaintiffs' argument that injunctions remain available after *CP*.[4]

Incomplete or unpersuasive arguments which the original court did not catagorize as frivolous or warn against, cannot be misconduct that supports a "pattern".

c.   (3) "whether it infected the entire pleading, or only one particular count or defense" ----- The finding that dismissal of the entire complaint is evidence that the conduct affected the entire pleading is unsupported by the evidence. The dismissal was solely on the basis of failure to exhaust. It had nothing to do with *CP* or anything related to the Rule 11 arguments. Indeed, JCSB didn't even move to dismiss on the grounds that the complaint failed to state a cause of action for which relief could be

---

[4] Plaintiffs do not claim that the instant case is factually identical to Burlington. They simply identify Burlington as one of several cases in which injunctions were granted to change stay put as requested in this case.

granted. And the entire case was dismissed, even though three of the claims were brought under statutes that were not interpreted at all by the *CP* court.

d. (4) "whether the person has engaged in similar conduct in other litigation" — Plaintiffs' counsel denies that she has ever propounded any claim without good faith belief in is viability after reasonable inquiry. The court's suggestion that mistakes in briefing or unpersuasive arguments are sufficient to support this prong cannot be consistent with the Rule which is supposed to discourage bath faith claims, not less than perfect brief writing. (See 8(b) above.)

   The United States Supreme Court wrote,

" In applying [the criteria of "frivolous, unreasonable, or without foundation" used to determine whether it appropriate to award attorney fees to defendants in civil rights cases], it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. ... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. *Christiansburg Garment Co v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)

e. (6) "what effect it had on the litigation process in time or expense" ---- The court uses circular reasoning. The dismissal was unrelated to the merits of the claims, either the IDEA ones or the non-IDEA ones which

    could NOT have been controlled by *CP* in any case.   Further, the IDEA grants a specific statutory right to court review of administrative decisions.  Plaintiffs should not be punished for seeking review that is a matter of right.

f.  (7) "whether the responsible person is trained in the law" ---- This court awarded the sanctions against Plaintiffs.  But the Magistrate's Report says that Plaintiffs counsel alone is responsible for the conduct, without any facts.  The court did not take any evidence about who is responsible for the conduct.  PLB affidavit, paragraph 6, claims it.

g.  (8) "what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case".   When one considers that a successful Rule 11 motion essentially ruins the reputation of the attorney (in a way that gets their every move scrutinized as bad conduct as suggested by the second prong above), it seems illogical to assume that any attorney doing civil rights and special education law needs to pay any money to deter frivolous conduct.  The court cites no basis for deciding that any monetary sanctions are required to deter in this case.  The court's analysis of the financial issues is faulty because Plaintiffs' nor plaintiffs counsel never had notice that they were supposed to disclose their finances.  They have each attached affidavits here showing that neither has the ability to pay the sanctions ordered.   Waiver

requires notice.[5]   Sanctions are not supposed to put those who must pay them out of business ---- doing so essentially bestows on School Districts the power to obliterate any challenge to their discrimination and denial of the civil rights to education, as they have in this case.

The Eleventh Circuit has held that a district court must consider financial ability in the award of sanctions.   They directed the district court to permit supplementation of the record with financial affidavits sufficient to permit consideration of financial ability.  *Baker v. Alderman*, 158 F.3d 516, 529 (C.A.11 (Fla.), 1998)

The court's suggestion that losing the appeal of the 12(b)(6) dismissal on exhaustion (not on the merits of the case and not on the issue raised in the Rule 11 motion) is a viable basis for assuming some bad intention and justifying greater sanctions is unsupportable.  Notably, the Eleventh Circuit denied JCSB's motion for fees on its successful appeal, which presumably it would not have done if it felt Plaintiffs appeal had no basis in law.   Failure to prevail on a claim, is not the same as making a frivolous one.   The court's suggestion that a reasonable sanction is more than Plaintiffs' counsel makes in her largely pro bono legal practice for the previous two years cannot be an appropriate result as intended under Rule 11.

---

[5]  Plaintiffs' counsel would argue that waiver when her delay in filing these objections is caused by disability cannot be sustained either, if persons with disabilities are to receive Equal Protection under the law.

      h.    (9) "what amount is needed to deter similar activity by other litigants."

> "[T]he court's discretion to impose sanctions is not unrestricted, in that the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Likewise, "[t]he conduct and resources of the party to be sanctioned are relevant to the determination of the amount of sanctions to be imposed." *Baker v. Alderman*, 158 F.3d 516, 528 (11th Cir. 1998) (citation omitted) *McDonald v. Emory Healthcare Eye Ctr.*, No. 10-10493, p. 5 (11th Cir., 2010)

9. The court's award of attorney fees as the sanction undermines the IDEA's limitations on the awards of fees. It denies Plaintiffs the protection afforded them under the fee jurisprudence for Section 504 and First Amendment claims (as outlined in *Christiansburg Garment Co v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)), which were in their amended complaint but have never been heard.

10. Plaintiffs object to the nature of the sanction. In cases under IDEA and other civil rights statutes in which parents become the enforcement arm to preserve the civil rights of children, the court abuses its discretion in using sanctions that create incentives for governments to attempt fee shifting by Rule 11 motion. The court did not say why or how paying fees opposing counsel is warranted for effective deterrence or why the payment should be to JCSB rather than the court. See Rule 11( c)(4).

Plaintiffs respectfully ask the court to reduce the sanction to a nominal amount and require it be paid to the court, rather than to the School Board.   " Sanction orders

must not involve amounts that are so large that they seem to fly in the face of common sense, given the financial circumstances of the party being sanctioned. What cannot be done must not be ordered to be done. *Miccosukee Tribe v. South Florida Water Management District*, 280 F.3d 1364, 1370 (11th Cir.2002)" *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir., 2002)

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been filed electronically and furnished thereby by Notice of Electronic Filing this 16th day of May 2014 to Bob L.Harris, Messer, Caparello & Self, PO Box 15579, Tallahassee FL 32317, bharris@lawfla.com.

Respectfully Submitted.
/s/ Rosemary N. Palmer
Rosemary N. Palmer
FL Bar #70904
5260 Pimlico Drive
Tallahassee FL 32309
(850) 668-9203
ATTORNEY FOR PLAINTIFFS